UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| David A. Joseph, Sr., | ) | CASE NO. 3:12 CV 0847 |
| Plaintiff, | ) ) | JUDGE JEFFREY J. HELMICK |
| v. | ) ) | |
| Mercer County Commissioners, *et al.*, | ) ) | ORDER |
| Defendants. | ) ) | |

*Pro se* Plaintiff David A. Joseph, Sr. has filed a Motion for Summary Judgment. (Doc. 3). In his Motion, he notes he filed his Complaint on April 9, 2012, and that "[m]ore than 20 days has elapsed, in this case 80 days, since the filing and there has been no attempt by any of the Defendants to plead, respond, or otherwise defend during that time." (Doc. 3 at 1). On that basis, he requests that I issue judgment in his favor "in the total amount of $7,002,610.21." (Doc. 3 at 1).

Despite the caption of his filing, it is apparent that Mr. Joseph is not claiming that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law under the standard set forth in Fed. R. Civ. P. 56. Rather, he seeks entry of judgment in his favor on the grounds that Defendants have failed to answer or otherwise respond to his Complaint. As such, I regard his Motion as one for default judgment pursuant to Fed. R. Civ. P. 55.

While Mr. Joseph's frustration with the lack of receipt of a responsive pleading from the Defendants is understandable, his Motion must be denied. Along with his Complaint, Mr. Joseph

1

filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2). Accordingly, I am required to screen his Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2), to determine whether his lawsuit ought to be permitted to proceed forward. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). Section 1915(e)(2) of that Act provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue;
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim upon which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Interpreting this provision, the Sixth Circuit explained:

> The language of §1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. **The screening must occur even before process is served** or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under §1915(e)(2). If the complaint falls within the requirements of §1915(e)(2) when filed, it must be dismissed.

*In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (articulating how district courts should apply the PLRA)(emphasis added).

Consistent with the above authority, the Northern District of Ohio promulgated Local Rule 4.1 regarding service of actions filed *in forma pauperis*. That Rule provides that where a plaintiff has been granted leave to proceed *in forma pauperis*, "the U.S. Marshall shall be directed to serve the summons and complaint, pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. Proc. 4(c)(3), **after the Court has first reviewed the complaint** to determine whether *sua sponte* dismissal under section

1915(e)(2) is appropriate." Local Rule 4.1 (emphasis added). Accordingly, I must screen *in forma pauperis* actions before service is authorized.

In the instant case, Defendants have not been served with Plaintiff's Complaint because I have not yet completed my screening under § 1915(e)(2). As Defendants' obligation to answer or otherwise respond to Plaintiff's Complaint has not been triggered by service of the summons and Complaint, Plaintiff is not entitled to default judgment in his favor. Accordingly, Plaintiff's "Motion for Summary Judgment" (Doc. 3) is denied as premature.

IT IS SO ORDERED.

      S/ JEFFREY J. HELMICK
      United States District Judge